**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**LEROY KELLEY, #39302**                                                                     **PETITIONER**

**VS.**                                                              **CIVIL ACTION NO.: 1:09-CV-304-HSO-JMR**

**RONALD KING**                                                                              **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondent's Motion [6-1] to Dismiss Pursuant to § 2244(d). To date, the Petitioner has failed to respond to Respondent's Motion [6-1], which was filed on June 22, 2009. Having considered the Respondent's Motion [6-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [6-1] is well-taken and should be granted. Accordingly, Kelley's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Leroy Kelly, was indicted by the Circuit Court of Jackson County, Mississippi, on a charge of kidnaping-rape. Kelley pled guilty to the charge on October 12, 2004. Kelley was sentenced to ten (10) years in the custody of the Mississippi Department of Corrections with six (6) years suspended, leaving him four (4) years (day for day) to serve. Kelley was to be placed on six (6) years post-release supervision. (*See* Ex. "A" Attach Resp't Mot. [6-2] Dismiss.)

On January 12, 2007, the Circuit Court Judge of Jackson County found that Kelley had violated the terms of his post-release supervision. Specifically, the judge found that Kelley violated term A: commit no offense against the laws of this or any other state, or of the United States; and

terms P,Q, and S: failure to pay all fines, fees, and costs incurred. (*See* Ex. "B" Attach. Resp't Mot. [6-2] Dismiss.) Kelley's post-release supervision was revoked and he was sentenced to serve the remaining six (6) years (day for day). *Id.* Kelley's instant federal habeas petition challenges only the revocation of his earned release supervision.

On May 15, 2009, Kelley filed the instant Petition for Writ of Habeas Corpus. On that same day, Kelley filed a Motion for Leave to Proceed in forma pauperis. The Motion was granted by Order on June 9, 2009. On June 22, 2009, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

## ANALYSIS

The Respondent argues that Kelley's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant petition, Kelley challenges the revocation of his post-release supervision. Respondent argues that Kelley's habeas petition should have been filed within one year of the date that the revocation judgment became final. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196,

n.1 (5th Cir. 1998).

Respondent correctly notes that, under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Beasley v. State*, 795 So.2d 539, 540 (Miss. 2001); *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980). Thus, Kelley's sentence revocation became final on the date the Order revoking his post-release supervision was filed, January 12, 2007. Accordingly, unless Kelley filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before January 14, 2008, to toll the period of limitation, any habeas petition challenging the kidnap-rape conviction and sentences would be filed too late.[1] *See Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Respondent asserts that according to the records of the Jackson County Circuit Court, no motions for post-conviction relief were filed by Kelley challenging his revocation on or before January 14, 2008, and thus, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not applicable to the facts of this case.

The Court notes that Kelley did, however, on May 6, 2008, file a Motion for Post-Conviction Collateral Relief in the Circuit Court of Jackson County[2], alleging that his "plea" at the revocation hearing was not voluntary because of ineffective counsel; and that he did not receive effective assistance of counsel.[3] (*See* Ex. "C" Attach. Resp't Mot. [6-2] Dismiss.) Kelley's motion was denied by the Circuit Court Judge on June 10, 2008. (*See* Ex. "D" Attach. Resp't Mot. [6-2] Dismiss.) Kelley did file a notice of appeal, however, it was untimely and the appeal was dismissed as such

---

[1] The limitations period would have expired on January 12, 2008, which fell on a Saturday. Accordingly, Kelley's petition was due on or before the following business day, Monday, January 14, 2008.

[2] Although the "Motion for Post-Conviction Relief" was stamped "filed" on May 6, 2008, Kelley actually signed the motion on April 29, 2008. (*See* Ex. "C" Attach. Resp't Mot. [6-2] Dismiss.)

[3] In his petition for post-conviction relief, Kelley at no point challenges his plea on the kidnap-rape charge.

pursuant to M.R.A.P. 2(a)(1) by Order filed December 8, 2008. (*See* Ex. "E" Attach. Resp't Mot. Dismiss.) The Mississippi Court of Appeals, on its own motion, likewise dismissed Kelley's appeal pursuant to M.R.A.P. 2(a)(1) on February 26, 2009. (*See* Ex. "F" Attach. Resp't Mot. Dismiss.) Kelley sought a writ of certiorari from the Court of Appeals' dismissal Order, and the Mississippi Supreme Court dismissed that petition as procedurally deficient and untimely. (*See* Ex. "G" Attach. Resp't Mot. Dismiss.)

As stated previously, unless Kelley complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief challenging his conviction or sentence for kidnap-rape must have been filed before January 14, 2008, in order to toll the limitation period. *See Flannagan*, 154 F.3d at 201; *Davis*, 158 F.3d at 810. A review of the record indicates that Kelley signed his state court motion for Post-Conviction Relief on April 29, 2008, and that it was received and stamped as "filed" in the Jackson County Circuit Court on May 6, 2008 - some 113 days after the January 14, 2008, deadline for filing Kelley's federal *habeas* petition. Therefore, Kelley failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Kelley "filed" his petition was on May 13, 2009, the date it was signed. This date is 485 days past the January 14, 2008 deadline for filing his federal *habeas* petition. Kelley's failure to file his petition within the statutory deadline warrants dismissal of his petition. Additionally, Kelley fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, Kelley has failed to respond to the Respondent's Motion [6-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Therefore, Kelley's Petition is time-barred by § 2244(d).

Although Kelley's petition for a writ of *habeas corpus* was untimely filed, the Court would ordinarily address the merits of Kelley's claims out of an abundance of caution. However, in the present instance, neither Kelley's Petition nor Respondent's Motion [6-1] to Dismiss include a transcript of the Circuit Court proceedings. Therefore, the Court is unable to reach the merits of Kelley's assignments of error.

## **CONCLUSION**

Kelley's revocation of his post-release supervision became final on January 12, 2007. Thereafter, Kelley had one year or until January 14, 2008, to file a federal petition for a writ of *habeas corpus*. At the earliest, Kelley filed his federal habeas petition on May 13, 2009, some 485 days past the January 14, 2008 deadline. Furthermore, Kelley did not properly file an application for post-conviction relief as contemplated by 28 U.S.C. § 2244 (d)(2) on or before January 14, 2008, to toll the period of limitation. To date, Kelley has failed to respond to the Respondents' Motion [6-1] to Dismiss. Thus, this Court finds that Kelley is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Kelley's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, upon the merits.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___18th___ day of December, 2009.

                                                                             s/ John M. Roper  
                                            CHIEF UNITED STATES MAGISTRATE JUDGE